IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ann Coyle, on behalf of herself and all other similarly situated persons, | ) ) ) | Civil Action No. 08 C 03407 |
| Plaintiff, | ) ) ) | Judge James F. Holderman |
| v. | ) ) ) | Magistrate Judge Susan R. Cox |
| Avent America, Inc., Philips Electronics North America Corp., Gerber Products Co., Handi-Craft Co., Nalge Nunc International Corp., and Playtex Products, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AGREED MOTION TO FURTHER EXTEND THE TIME FOR DEFENDANT PLAYTEX PRODUCTS, INC. TO ANSWER OR OTHERWISE PLEAD**

Defendant Playtex Products, Inc. ("Playtex"), by and through its attorneys and pursuant to Federal Rule of Civil Procedure 6(b), hereby submits this Agreed Motion To Further Extend The Time For Defendant Playtex Products, Inc. To Answer Or Otherwise Plead.

1.   The pending suit is one of twenty-three (23) actions recently filed against multiple defendants, including some of the defendants in this case: Avent America, Inc., Philips Electronics North America Corp., Gerber Products Co., Handi-Craft Co., Nalge Nunc International Corp., and Playtex (collectively, the "Defendants"). Plaintiffs in several of those actions filed motions before the Judicial Panel on Multidistrict Litigation ("Judicial Panel") requesting transfer and consolidation pursuant to 28 U.S.C. § 1407. See Aug. 13, 2008 Order of Judicial Panel, Ex. A hereto, at 1. Subsequently, several other parties responded to the plaintiffs' motions, agreeing that transfer and consolidation was appropriate, but disagreeing as to the

proper venue for transfer and consolidation.  See id.

2. In light of the pending motions for transfer and consolidation, this Court granted various motions made by Defendants in this matter for additional time to answer or otherwise plead.  See, e.g., Dkt. # 24 (granting Avent America, Inc.'s motion to extend time); # 28 (granting Playtex's motion to extend time); # 38 (granting Philips Electronics North America Corp. and Handi-Craft Co.'s motion to extend time).  Playtex's answer is currently due on or before September 5, 2008.  See Dkt. # 28.

3. On August 13, 2008, the Judicial Panel entered an order transferring and consolidating fourteen of the above-referenced actions in the United States District Court for the Western District of Missouri before the Honorable Ortrie D. Smith.  See Aug. 13, 2008 Order of Judicial Panel, Ex. A hereto, at 2.  The Judicial Panel further identified nine other actions – including the instant action – as potential "tag-along" actions.  See id. at fn. 2.  Pursuant to the Multidistrict Panel's Rules, once a potential "tag-along" action is identified, the Clerk of the Multidistrict Panel enters an order transferring that action "to the previously designated transferee district court on the basis of the prior hearing session(s)" as appropriate.  See Panel Rule 7.4.  The parties to this action do not oppose transfer and consolidation and, accordingly, it is anticipated that a transfer order for this action will issue in the near term.

4. On August 19, 2008, in light of the ruling by the Judicial Panel and in light of the fact that the Plaintiffs will likely file a consolidated complaint before the transferee court, counsel for Playtex conferred with counsel for Plaintiff regarding the appropriateness of stipulating to a further extension of time for Playtex to answer or otherwise plead.

5. The parties have agreed that it is in the interests of judicial economy, preservation

2

of judicial and party resources, and avoidance of potentially inconsistent pretrial decisions to postpone the time for Playtex to answer or otherwise plead until after transfer and consolidation of this matter with the consolidated action in the Western District of Missouri and pending further order by the Honorable Ortrie D. Smith.  See e.g., Tench v. Jackson Nat'l Life Ins. Co., Case No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at passim (N.D. Ill. Nov. 10, 1999); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997) ("if this case is consolidated . . . and this Court is not assigned by the [Multidistrict] Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge."); Am. Seafood, Inc. v. Magnolia Processing, Inc., Nos. 92-1030; 92-1086, 1992 U.S. DIST. LEXIS 7374, at *6 (E.D. Pa. May 8, 1992) (granting stay in part because the court's rulings may conflict with decisions of other courts); see also MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.35 (2004) ("A stay pending the [Multidistrict] Panel's decision can increase efficiency and consistency[].").

3

WHEREFORE, Playtex respectfully requests that the Court enter an order postponing the time for Playtex to answer or otherwise plead until after transfer and consolidation of this matter with the consolidated action in the Western District of Missouri and pending further order by the Honorable Ortrie D. Smith. Playtex further requests any other relief the Court deems appropriate.

Dated:  August 21, 2008                              Respectfully submitted,


/s/ Mary Rose Alexander
Mary Rose Alexander
Kathleen P. Lally
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone:  312-876-7700
Facsimile:  312-993-9767
Attorneys for Defendant Playtex Products, Inc.

# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 13, 2008

FILED
CLERK'S OFFICE

IN RE: BISPHENOL-A (BPA) POLYCARBONATE
PLASTIC PRODUCTS LIABILITY LITIGATION

MDL No. 1967

### TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in four actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. Most responding parties agree that centralization is appropriate and variously support one or more of the following suggested transferee districts: the Northern District of Illinois, the Central District of California, the Western District of Missouri, or the District of Kansas.[1]

This litigation currently consists of fourteen actions listed on Schedule A and pending in eight districts as follows: four actions in the Central District of California; two actions each in the Eastern District of California, the Western District of Missouri, and the Western District of Washington; and one action each in the Eastern District of Arkansas, the District of Connecticut, the Northern District of Illinois, and the District of Kansas.[2]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that various defendants manufactured, sold or distributed polycarbonate plastic bottle products containing Bisphenol-A without disclosing its possible harmful effects. Centralization under Section 1407 will

---

[1] Abbott Laboratories, Inc. (Abbott Labs), and Mead Johnson & Company (Mead Johnson), defendants in three Central District of California potentially related actions, oppose inclusion of their actions in the MDL proceedings, as does plaintiff in one action involving Mead Johnson. Plaintiff in the action involving Abbott Labs supports inclusion of its action in the MDL proceedings. These actions will be treated as potential tag-along actions, and any opposition to their inclusion in the MDL will be considered in due course. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The Panel has been notified that nine additional related actions have been filed: three actions in the Central District of California, and one action each in the Eastern District of Arkansas, the Northern District of Illinois, the District of Kansas, the Western District of Missouri, the Southern District of Ohio, and the Western District of Washington. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., id.

-2-

eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Each one of the suggested districts has the attributes of an appropriate transferee court. On balance, we are persuaded to designate the Western District of Missouri as the transferee forum for this litigation. Several actions are pending in the Kansas City area, at least one defendant is headquartered there, this district is favored by several plaintiffs as well as defendants, and Judge Ortrie D. Smith has the time and experience to prudently steer this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Ortrie D. Smith for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz         Robert L. Miller, Jr.
Kathryn H. Vratil         David R. Hansen

IN RE: BISPHENOL-A (BPA) POLYCARBONATE
PLASTIC PRODUCTS LIABILITY LITIGATION         MDL No. 1967

## SCHEDULE A

### Eastern District of Arkansas

Dale L. Raggio, Jr. v. Gerber Products Co., C.A. No. 4:08-403

### Central District of California

Naayda Lanza v. Avent America, Inc., C.A. No. 2:08-2960
Paul Rasmussen v. Handi-Craft Co., C.A. No. 2:08-2961
Leeanne Matusek v. Gerber Products Co., C.A. No. 2:08-2962
Kim O'Neill v. Evenflo Co., Inc., C.A. No. 2:08-2963

### Eastern District of California

Lani Felix-Lozano v. Nalge Nunc International Corp., C.A. No. 2:08-854
Judith Thompson-Foster v. Gerber Products Co., et al., C.A. No. 2:08-1073

### District of Connecticut

Ashley Campbell v. Playtex Products, Inc., C.A. No. 3:08-763

### Northern District of Illinois

Elizabeth Banse v. Avent America, Inc., C.A. No. 1:08-2604

### District of Kansas

Zachary Wilson, et al. v. Avent America, Inc., et al., C.A. No. 2:08-2201

### Western District of Missouri

Maria Sullivan, et al. v. Avent America, Inc., et al., C.A. No. 4:08-309
Sharon Hatter v. New Wave Enviro Products, C.A. No. 6:08-3154

### Western District of Washington

Sarah Jaynes, et al. v. Avent America, Inc., et al., C.A. No. 2:08-693
Chloe Gale, et al. v. RC2 Corp., et al., C.A. No. 2:08-702